**Christopher J. Drotzmann, OSB No. 962636**
cdrotzmann@davisrothwell.com
**Nicholas V. Beyer, OSB No. 193304**
nbeyer@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
**200 S.W. Market Street, Suite 1800**
**Portland, Oregon 97201**
**Tel: (503) 222-4422**
**Fax: (503) 222-4428**

**Of Attorneys for Defendants**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MALINDA BARTON,<br><br>              Plaintiff,<br><br>   v.<br><br>DAWSON LAW GROUP, PC, an Oregon Professional Corporation, and BRYAN DAWSON, individually<br><br>              Defendants. | Case No.<br><br>**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)** |

Defendants Dawson Law Group, PC and Bryan Dawson (collectively, "Dawson"), by and through their undersigned counsel, remove this action from the Multnomah County Circuit Court of the State of Oregon, where it is currently pending, to the United States District Court

**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

for the District of Oregon, Portland Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] As addressed below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332(a). In support of this removal, Dawson states as follows and relies upon the exhibits attached hereto.

## I.     INTRODUCTION AND BACKGROUND

1.     On or around October 13, 2022, plaintiff Malinda Barton filed a complaint in Oregon state court, initiating *Barton v. Dawson Law Group, PC,* State of Oregon, Multnomah County Circuit Court, Case No. 22CV35232 (the "State Court Action"). True copies of all pleadings filed in the State Court Action are attached hereto as Exhibit A. The caption was corrected via an amended complaint reflecting that it was in fact filed in Multnomah County as reflected in Exhibit A. Based upon information and belief, no other pleadings have been filed in the State Court Action.

2.     In the Amended Complaint, Barton alleges she is entitled to $1,493,757 in damages from Dawson for aiding and abetting commission of a fraud arising from Dawson's provision of legal services to the Estate of Michael T. Barton, Barton's deceased father. *See* Exhibit A, p. 40 (Amended Compl., Prayer).

3.     As more fully explained below, this case is properly removed to this Court under 28 U.S.C. § 1441 because: (1) Dawson has satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

---

[1] By this removal, Dawson reserves all rights, including, but not limited to, defenses and objections as to venue, personal and/or subject-matter jurisdiction, and service of process, and this removal is subject to, and without waiver of, any such defenses and objections.

**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

DAVIS ROTHWELL EARLE & XÓCHIHUA P.C. 200 SW MARKET ST, SUITE 1800 PORTLAND, OREGON 97201 T (503) 222-4422   F (503) 222-4428

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since Plaintiff achieved service on Dawson. *See* Exhibit A, pp. 41-48 (Dawson served with Complaint on October 19, 2022 and Amended Complaint on November 4, 2022).

5. Pursuant to 28 U.S.C. § 117 and LR 3-2(a)(1), the United States District Court for the District of Oregon, Portland Division, is the federal judicial district and division embracing the Multnomah County Circuit Court of the State of Oregon, where this lawsuit was originally filed. Venue is thus proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. As required by 28 U.S.C. § 1446(a), Dawson is providing a copy of all process, pleadings, and orders served upon it, including the Summons, Complaint, and Amended Complaint which are attached hereto as Exhibit A.

7. No other defendants have been joined and served in this action that must consent to removal under 28 U.S.C. § 1446(b)(2)(A).

8. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Multnomah County Circuit Court of the State of Oregon. A true and correct copy of "Defendants Dawson Law Group, PC and Bryan Dawson's Notice to State Court of Removal of Action Under 28 U.S.C. §§ 1332, 1441, and 1446 (Diversity of Citizenship)" filed in the Multnomah County Circuit Court of the State of Oregon is attached hereto as Exhibit B.

**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422   F (503) 222-4428

### III.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 28 U.S.C. §§ 1332 AND 1441.

1.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

**Complete Diversity Exists Between the Parties**

2.    Upon information and belief, Plaintiff Malinda Barton is and, at the time of the filing of the action, was an individual citizen of the State of California, residing at 25408 Edgewood Road, Weed, California, 96094. *See* Exhibit A. p. 40 (Amended Compl.).

3.    Defendant Dawson Law Group, PC is and, at the time of the filing of this action, was a professional corporation organized and existing under the laws of the State of Oregon, and having its principle place of business in Oregon. Exhibit C (Oregon Secretary of State Business Page – Dawson Law Group, PC). Therefore, Dawson Law Group, PC is a citizen of Oregon for purposes of determining diversity.

4.    Defendant Bryan Dawson is an individual citizen of the State of Oregon.

5.    Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Because Plaintiff is a California citizen, and no defendant properly joined and served is a citizen of the State of California, removal of this action is proper under 28 U.S.C. § 1441(b).

**The Amount-In-Controversy Requirement is Satisfied**

6.    The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied when it is facially apparent from the initial pleading that the jurisdictional threshold is met. *See* 28 U.S.C. § 1446(c)(2) ("[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a)… the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.")

**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422   F (503) 222-4428

7.      In this case, it is clear from Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff seeks $1,493,757. *See* Exhibit A, p. 21, 40 (Compl. Prayer; Amended Compl. Prayer).

**WHEREFORE**, defendants Dawson Law Group, PC and Bryan Dawson hereby remove this action from the Multnomah County Circuit Court of the State of Oregon to the United States District Court for the District of Oregon, Portland Division.

DATED this 14th day of November, 2022.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

Christopher J. Drotzmann, OSB No. 962636
cdrotzmann@davisrothwell.com
Nicholas V. Beyer, OSB No. 193304
nbeyer@davisrothwell.com
Of Attorneys for Defendants

**DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)** on the following attorney(s) of record:

| | |
|---|---|
| Mr. James R. Cartwright, OSB No. 750675<br>Cartwright Law PC<br>6500 S Macadam Avenue, Suite 300<br>Portland, OR 97239<br>Telephone:  503/226-0111<br>Facsimile:  503/226-3022<br>Email:  jcartwright@cart-law.com<br>     *Of Attorneys for Plaintiff* | |

by mailing to the foregoing a true copy thereof, placed in a sealed envelope, with postage prepaid, addressed as listed above, and depositing the same in the United States mail through a post office at Portland, Oregon, on this day.

DATED this 14th day of November, 2022.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

Christopher J. Drotzmann, OSB No. 962636
cdrotzmann@davisrothwell.com
Nicholas V. Beyer, OSB No. 193304
nbeyer@davisrothwell.com
Of Attorneys for Defendants

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon  97201
**T (503) 222-4422   F (503) 222-4428**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

MALINDA BARTON,                              )    Case No. 22CV35232
                                             )
            Plaintiff,                       )    SUMMONS
                                             )
      v.                                     )
                                             )
DAWSON LAW GROUP, PC, and Oregon Professional Corporation, )
and BRYAN DAWSON individually,               )
                                             )
            Defendants.                      )
                                             )

TO:    Dawson Law Group, PC
       c/o Law Office of Karen B. Dawson, P.C.
       Karen B. Dawson, President
       Registered Agent for Dawson Law Group, PC
       5695 Hood St
       West Linn, Oregon 97068

      IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

              NOTICE TO DEFENDANT:
         READ THESE PAPERS CAREFULLY
      You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.
      If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free in Oregon at (800) 452-7636.

James R. Cartwright, OSB No. 750675
Cartwright Law PC
6500 S Macadam Ave, Suite 300
Portland, OR 97239
T:    503-226-0111


STATE OF OREGON        )
                       ) ss.
County of Multnomah    )

      I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.



      TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.



      James R. Cartwright, OSB No. 750675

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | | |
|---|---|---|
| MALINDA BARTON, | ) | Case No. 22CV35232 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| DAWSON LAW GROUP, PC, and Oregon Professional Corporation, | ) | |
| and BRYAN DAWSON individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:    Bryan Dawson
5695 Hood St
West Linn, Oregon 97068

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY
    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.
    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free in Oregon at (800) 452-7636.

James R. Cartwright, OSB No. 750675
Cartwright Law PC
6500 S Macadam Ave, Suite 300
Portland, OR 97239
T:   503-226-0111

| | |
|---|---|
| STATE OF OREGON | ) |
| | ) ss. |
| County of Multnomah | ) |

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

    TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

James R. Cartwright, OSB No. 750675

1

2

3

4

5

6

7       IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8           FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| 9   MALINDA BARTON, | Case No. |
| 10          Plaintiff, | COMPLAINT (Aiding and Enabling Commission of a Fraud) |
| 11          v. | Jury Trial Requested |
| 12   DAWSON LAW GROUP, PC, an Oregon Professional Corporation, and BRYAN | Filing Fee:  $884; ORS 21.160(1)(d) |
| 13   DAWSON, individually, | NOT SUBJECT TO MANDATORY ARBITRATION (Damages in excess of |
| 14          Defendants. | $50,000) |

15

16

17       FOR HER COMPLAINT against Defendants Bryan Dawson and Dawson Law Group,

18   PC ("Defendants"), Plaintiff Malinda Barton alleges, as follows:

19              **(Aiding and Enabling Commission of a Fraud)**

20                               1.

21   The Parties and Other Significant Persons

22       **Michael T. Barton**, decedent. Died February 6, 2018 while in the custody of the State of

23       Oregon at the Oregon State Penitentiary in Salem, Oregon.

24       **Stephen Brown**, brother of decedent.

25       **Terrill Tatum Barton**, sister of decedent.

26       **Malinda Barton**, biological daughter of decedent.

Page  1 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1     **Courtney Barton**, daughter of decedent. Died on September 9, 2004, predeceasing her

2         father Michael T. Barton and leaving no issue.

3     **Donna Lockard**, mother of Malinda Barton and Courtney Barton. Died November 1, 2010.

4     **Anthony Tatum**, nephew of decedent.

5     **Amanda Jean Barton**, niece of decedent.

6     **Bryan W. Dawson**, attorney for Stephen Brown, as personal representative of the Estate

7         of Michael T. Barton.

8     **Dawson Law Group, PC**, an Oregon domestic professional corporation.

9                2.

10     Michael T. Barton died of influenza on February 6, 2018 while in the custody of the State

11 of Oregon at the Oregon State Penitentiary in Salem, Oregon. Following his death, several

12 witnesses contacted Disability Rights Oregon (DRO) seeking an investigation into the

13 circumstances of his death. The witnesses believed that Michael T. Barton's death was the result

14 of negligence on the part of the Oregon Department of Corrections and the medical personnel

15 employed by the healthcare system at the Oregon State Penitentiary. DRO subsequently

16 conducted an investigation into the circumstances of Michael. T. Barton's death.

17                3.

18     In June 2019, DRO contacted "Mr. Barton's family" and informed them of the actual

19 circumstances of his death and the ongoing DRO investigation. Plaintiff Malinda Barton was not

20 among those persons contacted by DRO. Plaintiff Malinda Barton alleges on information and

21 belief that her uncle Stephen Brown was among the family members contacted by DRO.

22 Plaintiff Malinda Barton will move to amend this factual narrative after document and deposition

23 discovery has been completed.

24                4.

25     On or before July 3, 2019, Stephen Brown contacted attorney Bryan Dawson of Dawson

26 Law Group, PC (herein "Dawson") about the possibility of filing a civil lawsuit against the

Page 2 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1 Oregon Department of Corrections (ODOC) for their negligence in Michael Barton's death.

2 Stephen Brown informed Dawson of the investigation being conducted by the DRO. On July 3,

3 2019, Dawson asked Stephen Brown to "let me know if you get permission to show us [Dawson]

4 the report."

5                                      5.

6          On July 22, 2019, DRO issued their full 28-page investigative report ("DRO report") that

7 concluded:

8         "Although DRO shares ODOC's opinion that Mr. Barton's death was attributable
        to a system failure, we do not agree with the idea that no fault should be attributed
9         to individual actors. Indeed, it is our belief that the conduct of the nurses who
        responded to Mr. Barton's cell during the last days of his life were surely
10        negligent, if not deliberately indifferent, to the harms that ended his life."

11                                        6.

12         The release of the DRO report was reported in the Oregonian/Oregon Live on July 22,

13 2019. The title of the article was "Disability Rights OR says negligence by prison nurse, medical

14 staff caused inmate's death." Stephen Brown emailed a link to that article to Dawson on that

15 same day, July 22, 2019.

16                                       7.

17         Disability Rights Oregon is well-known in the legal community as a non-profit advocacy

18 group with authority granted by the federal government to act as a watchdog for people with

19 disabilities.

20                                       8.

21         Defendant Bryan Dawson was admitted to the Oregon State Bar in 1999. Dawson Law

22 Group, PC is an Oregon domestic professional corporation formed in 1981. At all material times

23 herein, Defendant Bryan Dawson was and is the president of Dawson Law Group, PC. At all

24 material times herein, Bryan Dawson was acting as the agent for and the benefit of Dawson Law

25 Group, PC.

26 /// /// ///

Page 3 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1                       9.

2       Defendants Dawson Law Group, PC and Bryan Dawson (herein "Dawson") represent

3 themselves to the community as "experienced Oregon personal injury attorneys [who] have

4 helped injured victims for over five decades." Dawson advertises their experience and success in

5 achieving excellent results in serious injury and wrongful death cases.

6                     10.

7       The DRO report provided substantial support for a major wrongful death claim, both as

8 to liability and damages.

9                     11.

10       At all material times herein, Dawson knew that only the duly-appointed personal

11 representative of the probate estate of a decedent would have standing to file a wrongful death

12 complaint. As such, Dawson knew that he needed the personal representative of the estate to be

13 his client in order to file the wrongful death complaint. On July 30, 2019, no probate estate had

14 yet been opened for Michael T. Barton and Stephen Brown had not yet been appointed as his

15 personal representative.

16                     12.

17       On or about July 30, 2019, Dawson emailed Stephen Brown, stating:

18       "[i]f you want us to represent the estate, please return the signed fee agreement
      and we'll send the notice of claim letter(s) out."
19

20                     13.

21       On or about August 2, 2019, Stephen Brown, purporting to be acting in his capacity as

22 personal representative of the estate of Michael T. Barton, deceased – even though he had not yet

23 been appointed as such -- signed a contingent fee agreement with Dawson Law Group, PC and

24 returned a scan of that document to Dawson. This contingent fee agreement gave Dawson a

25 contractual right to thirty-three percent (33%) of any damages received in settlement or through

26 /// /// ///

Page 4 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1  judgment.  The value of this signed agreement to Dawson is demonstrated by the fact that

2  $1,000,000 was eventually distributed to Dawson per its terms.

3  14.

4  The transmittal email of August 2, 2019 from Stephen Brown to Dawson stated,

5  "[a]s per our conversation on the phone, we agreed that the fees in this agreement
   would not be charged to me personally. Please let me know what you think about
6  the other isdue [issue] that we spoke about."

7  Based upon information and belief, the "other issue" referenced in the email sent August

8  2, 2019 was the inconvenient fact that Malinda Barton was the biological child of Michael

9  Barton, making her the only person who had a beneficial interest in her father's estate, the only

10 person who had any *bona fide* interest in any legal proceedings, the preferred personal

11 representative under ORS 113.085, and entitling her to notice of any probate proceedings under

12 ORS 113.145/ORS 114.456. The last of these issues, namely that Plaintiff Malinda Barton was

13 entitled to be notified of these proceedings, would be the topic of much discussion between

14 Dawson and his client in coming months, as set forth below.

15 15.

16 On August 6, 2019, Dawson replied to Stephen Brown's August 2, 2019 email, stating:

17 "[a]bout the potential daughter [Malinda Barton] whether your brother [Michael
   Barton] appeared on her birth certificate will be very important. What is her legal
18 name, where has she lived at any time, where was she born? I will look more into
   this issue in a few days when I finish with depositions."
19

20 16.

21 Dawson knew that he had a problem. He had a signed contingency fee agreement for

22 what he knew was likely to be a highly profitable and ground-breaking case against the State of

23 Oregon and other parties. However, that contingent fee agreement had been signed by "Stephen

24 Brown, [a]s Personal Representative of the Estate of Michael Thomas Barton."  In order to keep

25 this substantial case and the opportunity it would provide for Dawson to gain both the financial

26 benefits and the reputation-enhancing benefits of winning this promising wrongful death case,

Page  5 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1  Dawson needed to ensure that Stephen Brown -- and not any other party -- was appointed as

2  personal representative for the Estate of Michael Barton. The actions taken by Bryan Dawson,

3  the Dawson Law Group, PC, and Stephen Brown in the following months to ensure that Malinda

4  Brown was not made aware of either the filing of the petition to open the estate or the wrongful

5  death action included misrepresenting Dawson's knowledge and actions in their filings with the

6  Marion County Circuit Court and the conscious decision to take whatever steps they deemed

7  necessary to prevent Plaintiff Malinda Barton from learning of the probate, the lawsuit, the

8  settlement, and the distribution of the settlement proceeds. As alleged below, those actions

9  constituted a fraudulent failure to disclose material facts intended to deceive and defraud

10  Malinda Barton, and Defendant Dawson was complicit in that fraud. At all material times herein,

11  Dawson enabled and aided Stephen Brown to commit what Dawson and Stephen Brown knew to

12  be a fraud against Malinda Barton.

13                                                    17.

14         ORS 113.035(5) requires that a petition for appointment of a personal representative include

15  the names, relationship to the decedent, and post-office addresses of persons who are or would be

16  the heirs of the decedent upon the intestate death of the decedent. ORS 113.035(6) requires that the

17  petition include a statement that reasonable efforts have been made to identify and locate all heirs of

18  the decedent. If the petitioner in a probate knows of any actual or possible omissions from the list of

19  heirs, the petition must include a statement indicating that there are omissions from the information

20  relating to heirs. These requirements are again specifically set forth in ORS 114.453(2)-(3) which

21  addresses probate estates opened for the sole purpose of pursuing a wrongful death claim. The sole

22  difference between the requirements of ORS 113.035 (5)-(6) and ORS 114.453(2)-(3) is that one

23  requires notice to heirs and the other to beneficiaries. However, Plaintiff Malinda Barton was and is

24  Michael Barton's sole surviving biological child, his only surviving intestate heir, and his only

25  wrongful death beneficiary, and she should have received notice in either circumstance.

26  /// /// ///

Page  6 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1                            18.

2        The Petition for Appointment of Personal Representative filed in the Marion County

3  Circuit Court as 19PB08559 on November 9, 2019 ("Petition") contained Stephen Brown's

4  sworn statement that, "Petitioner is aware of no person or persons who ascertain interest in the

5  estate other than those named herein." This statement is false. The Petition listed Stephen Brown

6  and Terrill Tatum Brown as the only heirs of the decedent. This statement is also false. At the

7  time that the Petition was filed, Bryan Dawson, Stephen Brown, and Terrill Barton Tatum were

8  <u>all</u> aware that this statement was untrue.

9                            19.

10       On August 15, 2019, Stephen Brown had texted his sister Terrill Barton Tatum, and

11  stated:

12        "I talked with the lawyer [Bryan Dawson] again today and he said if she is his
           daughter, everything could go to her [Malinda] if we filed the lawsuit."

13

14                            20.

15       On October 4, 2019, Dawson emailed Stephen Brown, stating:

16        "Stephen please take a stab at locating her through family connections, etc. What
           we may do is try to find her, and I may hire a private investigator, and then tell the
17        court that we did everything reasonable but couldn't make contact. If you do
           reach her, maybe propose a 50% split with you doing the labor to try to pursue the
18        claim."

19       Brown replied,

20        "I can find her, no need to hire a private investigator. The question is: can we
           have her do a blood test? Second question: is she listed as his daughter on the
21        birth cert.? if so, does that stand? Or, does she need blood proof? I don't believe
           she is his blood. Would her address or phone number be better for you? I'll ask
22        my sister to try to get the info. Wouldn't it be a 33% split with her, myself and
           my sister? If my sister signed off due to not wanting to have her Social Security
23        screwed up it would be a %50 split."

24       Dawson responded,

25        "100% goes to a child, so that's vital. I'll check my Lexis report to see if a
           father's listed. You may be able to get her birth certificate, I'll check."

26

Page 7 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

| 1 | 21. |

However, Stephen Brown already knew where his niece Malinda Barton lived and how to reach her. He had texted her almost two months prior. On August 15, 2019, Stephen Brown had sent Malinda Barton the following message via Facebook Messenger,

"Hi Mindy. How are you? What's your address and birthday?"

'Mindy' was Malinda Barton's childhood nickname.

| 7 | 22. |

The problem with locating Malinda Barton was not that Stephen Brown was unable to do so; rather, the issue was that Brown had no intention of pursuing the wrongful death litigation if the proceeds would go to Malinda Barton. The failure to provide her with notice of these proceedings was deliberate.

| 12 | 23. |

On July 25, 2019, Stephen Brown texted his sister Terrill Tatum Barton, saying:

"Honestly, if you [Terrill] tell him [her son Anthony] and he tells Melinda [sic], I'm not even interested in moving forward. I don't want to put myself through all that shit just to benefit someone [Malinda] who hated Mike."

| 16 | 24. |

On October 7, 2019, Stephen Brown emailed Dawson and told him that he had Malinda Barton's phone number. Dawson replied,

"Good work. Hold off on calling her until I figure out if we can get her birth certificate."

On October 21, 2019, Dawson emailed Stephen Brown, stating:

"I'm fine with just submitting the papers to have you appointed as the personal representative. This leaves some risk that Malinda could emerge later with a birth certificate and take all of the money recovered. This appears to be unlikely because Michael isn't listed as her relative on the Lexis report."

Stephen Brown replied,

"I feel pretty confident moving forward."

Page 8 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1                                                 25.

2       Dawson proceeded to file the Petition to open the estate and appoint Stephen Brown as

3 personal representative without first contacting Malinda Barton.

4                                                 26.

5       Under ORS 113.035(6), Dawson was <u>required</u> to notify the Court of Malinda Barton's

6 status as a potential heir in the petition to open the estate. However, rather than making a

7 statement that reasonable efforts had been made to identify and locate all heirs of the decedent

8 and a statement indicating that there were omissions from the information relating to heirs,

9 Dawson included the following carefully worded language,

> "Petitioner is aware of no person or persons who ascertain interest in the estate
> other than those named herein."

10

11

12 It is unclear exactly what "ascertain interest in the estate" is supposed to have meant, but there

13 can be no question that Dawson was aware that there was another party with an interest or

14 potential interest in the estate, namely Malinda Barton. Dawson also specifically added the word

15 "*known*" when providing a list of the heirs in Section 5 of the Petition, "Information regarding

16 the *known* heirs of the decedent," apparently so that he could omit Malinda Barton, the potential,

17 rather than known, heir.

18                                               27.

19       The Petition was filed on November 4, 2019, and on December 9, 2019, Stephen Brown

20 was appointed personal representative for the Estate of Michael T. Barton in Marion County

21 Case No. 19PB08559. Once Stephen Brown was appointed, he continued his efforts to exclude

22 Malinda Barton from the estate of her father and wrongful death proceedings.

23                                               28.

24       ORS 113.145 requires that, "[u]pon appointment a personal representative shall deliver or

25 mail to the devisees, heirs and the persons described in ORS 113.035 (8) and (9) who were

26 required to be named in the petition for appointment of a personal representative…" ORS

Page 9 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1  114.456, which specifically sets forth the requirements for administration of a wrongful death

2  estate, has the same requirement that "[a] personal representative appointed under ORS 114.453

3  shall deliver or mail to the beneficiaries at their last-known address information that must

4  include…" Upon his client's appointment as personal representative, Dawson and Stephen

5  Brown had both an <u>opportunity</u> to correct the (intentional) omission of Malinda Barton from the

6  list of heirs in the petition, and a statutory obligation to do so.

7                               29.

8       Despite the mandatory requirements of ORS 113.145/ORS 114.456, no Notice was sent

9  to Plaintiff Malinda Barton at the time of Stephen Brown's appointment.

10                             30.

11       On January 24, 2020, Dawson, as the attorney for Stephen Brown, Personal

12  Representative of the Estate of Michael Barton, filed Marion County Case No. 20CV04714. The

13  21-page Complaint for negligence, negligence *per se*, violations of civil rights, wrongful death,

14  disability discrimination, and spoliation sought compensatory and punitive damages of

15  $120,000,000.  The case was eventually removed to federal court.

16                             31.

17       According to the Petition for Approval and Authority to Settle Wrongful Death Claim

18  and Supporting Declaration of Bryan Dawson filed in the estate proceeding on October 20,

19  2020, a second mediation on the federal wrongful death case resulted in a proposed settlement of

20  $3,000,000. The Petition included a breakdown of how the funds from the proposed settlement

21  would be distributed, including $1,899,757.39 to the "Intestate Heirs."  At all material times

22  through and including this date Plaintiff Malinda Barton had not been provided with any form of

23  notice of the probate, the lawsuit, the meditations, or the proposed settlement.  Further, she had

24  no actual notice of any of these proceedings.

25  /// /// ///

26  /// /// ///

Page  10 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1          32.

2          On October 29, 2020, Dawson filed a "Statement Under ORS 116.083(4) in Lieu of Final

3    Accounting and Petition for General Judgment of Final Distribution" (Verified Statement)

4    seeking authorization to pay the Personal Representative and attorney fees and costs and

5    distribute the assets of the Estate. Page 3 of the Verified Statement included the statement that,

6    "[n]o Notice is required because the beneficiaries entitled to notice have waived the requirement

7    that they be served with notice and have signed a Waiver of Notice and Consent. The Waiver

8    and Consents are filed concurrently with this Verified Statement." This statement was false, and

9    Dawson knew it was false when it was made.

10          33.

11          A document filed concurrently with the Verified Statement on October 29, 2020, titled

12   "Waiver and Consent of Heirs," was signed only by Terrill Barton Tatum, Amanda Jean Barton,

13   and Stephen Brown. Dawson had again failed to follow the statutory requirements regarding

14   notice prior to attempting to close the estate. ORS 113.145(5) states:

15          "If before the filing of the final account the personal representative has actual
            knowledge that the petition did not include the name and address of any person
16          described in ORS 113.035 (4), (5), (7), (8) or (9), the personal representative
            shall:
17
                 (a) Make reasonable efforts under the circumstances to ascertain each of
18               those names and addresses;
                 (b) Promptly deliver or mail information specified in subsection (1) of this
19               section to each of those persons located after the filing of the petition and
                 before the filing of the final account; and
20               (c) File in the estate proceeding, on or before filing the final account under
                 ORS 116.083, proof of compliance with this subsection or a waiver of
21               notice as provided under ORS 111.225."

22   ORS 114.456(4) requires the same notice to beneficiaries of wrongful death estates. Again,

23   despite these statutory requirements, Plaintiff Malinda Barton was not given notice <u>despite</u>

24   Dawson and Stephen Brown's knowledge of her status and whereabouts.

25   ///   ///   ///

26   ///   ///   ///

Page  11 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

| | |
|---|---|
| 1 | 34. |
| 2 | On October 20, 2020, the Marion County Probate Department issued a notice to Bryan |
| 3 | Dawson as the attorney for the Personal Representative in response to the submission of a |
| 4 | proposed order approving the wrongful death settlement. That notice stated that, |
| 5 | "PER JUDICIAL REVIEW 1) NO WRONGFUL DEATH ASSETS, ALL PROBATE REQUIREMENTS MUST BE MET BEFORE DISTRIBUTION. 2) |
| 6 | TO HAVE THE SETTLEMENT APPROVED, INFORMATION TO DHS AND NOTICE OF TIME TO OBJECT TO THE HEIRS (OF THE MOTION TO |
| 7 | APPROVE SETTLEMENT) W/PROOF OF SERVICE IS REQUIRED." |
| 8 | 35. |
| 9 | On November 6, 2020, Dawson's office filed Waivers of Notice and Consent to Personal |
| 10 | Representative's Petition for Approval and Authority to Settle Wrongful Death Claim |
| 11 | signed by Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown. Also filed was an |
| 12 | Affidavit of Mailing the information required by ORS ORS 113.145/ORS 114.456 to the Oregon |
| 13 | Department of Human Services/Estate Administration Unit. However, once again, despite the |
| 14 | clear requirements of ORS 113.145/ORS 114.456 to provide notice to the heirs/wrongful death |
| 15 | beneficiaries of the decedent and the Personal Representative and Dawson's knowledge of |
| 16 | Malinda Barton's whereabouts, no notice was sent to Malinda Barton. |
| 17 | 36. |
| 18 | On November 12, 2020, Bryan Dawson wrote a letter to the Marion County Probate |
| 19 | Judge asking the Court to expedite the approval of the settlement and distribution of the |
| 20 | settlement proceeds. In his letter, Dawson asked the Court to excuse his failure to follow the |
| 21 | probate requirements based on his lack of information about the decedent and his assets. |
| 22 | Dawson acknowledged that his client, the decedent's half-brother, had little contact in the years |
| 23 | prior to Michael Barton's death. Dawson's letter stated that, |
| 24 | "…my primary source for information about the decedent came from a Mental Status Evaluation dated March 9, 2017, which we received during discovery in |
| 25 | the wrongful death lawsuit. The report confirmed that Mr. Barton's only surviving heirs were his siblings. The report also showed that Mr. Barton had several mental |
| 26 | health disorders, a history of drug and alcohol abuse, and a long criminal record. |

Page  12 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1  The evaluation assessed whether Mr. Barton could be found culpable for an
   alleged March 2, 2016 bank robbery...The report concluded that Mr. Barton felt
2  remorse for his crime but otherwise lacked capacity."

3  Dawson then asked the Court to bifurcate the handling of the $6,000 in probate assets from

4  the $3,000,000 in wrongful death proceeds, as "Mr. Barton's heirs have significant need to

5  receive funds in the near future." Dawson stated that "[w]e intend to follow all of the other

6  requirements concerning the non wrongful death funds."

7                                              37.

8          Dawson's statements in his letter to the Probate Court were false. He was <u>not</u> relying

9  solely on the Mental Status Evaluation as he claimed, as he had information from his own client

10 that there was another heir – namely Malinda Barton, the decedent's daughter.

11                                             38.

12         On November 13, 2020, the Honorable Claudia Burton signed an Order approving the

13 wrongful death settlement of $3,000,000. Malinda Barton, the decedent's sole surviving intestate

14 heir and wrongful death beneficiary under Oregon statutes, had never been given an opportunity to

15 see the proposed settlement or review its terms. In fact, she had never even been provided notice

16 of the opening of her father's estate or the filing of the wrongful death action.

17                                             39.

18         Having obtained approval of the settlement, Dawson and Brown moved forward with

19 filing a Petition for Approval to Distribute Wrongful Death Damages on November 18, 2020.

20 Once again, the Petition contained an assertion that "[a]ll the heirs have waived their right to

21 notice and have consented to this petition and proposed order." This statement was false, and

22 Dawson and Stephen Brown knew it was false when made. Consents and waivers signed by

23 Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown were filed, but no notice had

24 given to Malinda Barton and she did not consent to the petition and proposed order.

25 /// /// ///

26 /// /// ///

Page  13 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1    40.

2    The Probate Court issued a notice to Dawson on November 19, 2020, asking for

3    clarification regarding the amount of the proposed distribution to Dawson's client, Stephen

4    Brown. In response to that notice, Dawson filed a letter that included the following:

5        "Thank you for the November 19, 2020 letter concerning the proposed
         ORDER TO DISTRIBUTE WRONGFUL DEATH DAMAGES. The paragraph
6        C distribution to Stephen Brown does not include the personal representative fee.
         The three beneficiaries agreed to this arrangement based on Mr. Brown being the
7        person who pursued this claim from the beginning.

8        "Mr. Brown participated in the investigation by Disability Rights Oregon
         which brought to light the circumstances of Michael Barton's death. Mr. Brown
9        then retained counsel, gave a very effective deposition, attended two mediations,
         and was active in the wrongful death lawsuit through several meetings and dozens
10       of phone calls and emails with counsel. He not only fulfilled the office of personal
         representative, but was the key person who prevented Mr. Barton's death from
11       passing into obscurity.

12       "The other heirs agreed to the apportionment based on Mr. Brown's
         indispensable role."
13

14                                          41.

15   Dawson continued to disregard Malinda Barton's status as the decedent's biological

16   child, intestate heir, and wrongful death beneficiary. The "other heirs" that agreed to the

17   proposed distribution of wrongful death damages did not include Malinda Barton.

18                                          42.

19   The Court approved the distribution of $2,939,369.55 of the wrongful death settlement to

20   Dawson, Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown on November 24,

21   2020. Dawson had now accomplished his primary goals: he had settled the case against ODOC

22   and others, received his $1 million contingency fee plus his advanced costs, and distributed a

23   combined total of $1,893,757.39 to Stephen Brown Amanda Barton, and Terrill Barton Tatum.

24   His final task was to get his client discharged as personal representative and close the estate.

25   ///   ///   ///

26   ///   ///   ///


Page  14 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

43.

Even though the Probate Court was requiring proof that the required notices under ORS 113.145/ORS 114.456 had been sent, Dawson and his client continued to try to keep Malinda Barton from learning about the probate estate and the settlement. The Affidavit of Mailing filed on January 8, 2021, only listed mailings to Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown. Nothing was mailed to Malinda Barton.

44.

Dawson's office also finally published the required Notice to Interested Persons on January 12, 19, and 26, 2021.

45.

On or about May 11, 2021, Malinda Barton found an article published in the Salem Statesman Journal on January 29, 2020 detailing the wrongful death lawsuit. She contacted her aunt, Terrill Tatum Barton, via Facebook Messenger to confirm that she, Michael Barton's sole heir, had been intentionally left out of the lawsuit and denied her share of the settlement proceeds. Stephen Brown and Terrill Barton Brown responded by blocking her from communicating with them. Stephen Brown then deleted his Facebook account. Text messages between Terrill Tatum Barton and Stephen Brown demonstrate their escalating concern that they were about to be found out.

46.

Malinda Barton also contacted Bryan Dawson's office by email on May 11, 2021 identifying herself as Michael Barton's daughter. Her email stated that she was in frequent contact with both her aunt Terrill Barton Tatum and her uncle Stephen Brown, and that they had always known how to contact her. Malinda Barton, believing that her uncle and aunt had never told Dawson of her existence, asked Dawson for his help. Dawson replied via email on May 12, 2021 that he was out of the office on vacation but would respond to her when he returned to the office on Wednesday (presumably May 19, 2021).

Page  15 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1          47.

2          On May 21, 2021, Dawson sent Malinda a letter via email asking her to provide her birth

3    certificate. Malinda replied that day acknowledging that she had received the letter.

4          48.

5          The next known action by Dawson and his client was not to provide Malinda Barton with

6    more information and/or send her the notices she was entitled to receive as Michael Barton's

7    child, heir, and wrongful death beneficiary. Instead, on or about June 4, 2021, Dawson submitted

8    a proposed Order approving the Verified Statement he had filed on October 29, 2020. However,

9    the Probate Court issued yet another notice informing Dawson that the proposed order could not

10   be signed because he had not filed a satisfaction or disallowance of a claim filed by General

11   Credit Service, Inc.

12         49.

13         Dawson and his client proceeded to try to close the estate before Malinda Barton could

14   take any effective action. Dawson reached out to another attorney well-known in the local

15   community for handling estate administration to get assistance in closing the estate proceeding.

16   The attorney officially substituted in for Dawson on June 8, 2021.

17         50.

18         On July 15, 2021, the new attorney sent Malinda Barton a custom-crafted "Notice of

19   Time to Object" that combined elements of the statutorily required information to heirs and a

20   notice of time to object to a final accounting. That notice read, in part:

21         "Be aware that if you present proof to the probate court sufficient that it
           determines you are an heir of decedent you will have rights that will be affected
22         by this proceeding.

23         Any such effort will be barred unless you file appropriate pleadings in the probate
           matter within 23 days of the date of mailing of this notice."
24

25   ///   ///   ///

26   ///   ///   ///

Page  16 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1          51.

2          While 23 days is the required objection period for a final estate accounting, it is certainly

3   not the period of time intended to be provided for an heir or beneficiary to assert an interest in an

4   estate. Based upon information and belief it appears probable that Dawson and Stephen Brown

5   were hoping that, by providing this artificially short time for Malinda Barton to object, that she

6   would be unable to retain counsel to assist her in filing the necessary objections.

7          52.

8          Texts between Terrill Tatum Barton and Stephen Brown on or about July 15, 2021

9   discuss the need to wait three weeks "to get to the finish line" when there would be "no more

10  stress." Stephen Brown cautioned his sister Terrill not to spend any money for the next two

11  weeks "because if you are patient, things could possibly be fine or fucked. Just chill in your

12  garden or go to the lake for 2 weeks." Stephen went on to say that, "I have been told I can't buy a

13  home till [sic] it's over. I am the one who is doing all the work still. All you have to do is fucking

14  chill."

15         53.

16         On August 3, 2021, Malinda Barton, by and through counsel, filed a Notice of

17  Appearance and Objection. Included as Exhibit A to that Notice was a copy of Malinda Barton's

18  birth certificate listing Michael Barton as her father.

19         54.

20         Malinda Barton eventually settled her claims against Stephen Brown and Terrill Tatum

21  Barton via a settlement agreement signed on October 28, 2021. That settlement was based on

22  factors other than the merits of Malinda Barton's claims. She did not, however, settle or release

23  her claims against Bryan Dawson and the Dawson Law Group, PC.

24         55.

25         At all material times herein, Stephen Brown as personal representative of the estate of

26  Michael T. Barton, deceased, owed fiduciary duties to Malinda Barton. Those fiduciary duties

Page  17 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1  included the providing of the notices required by the probate statues, and to provide her with the
2  material facts that she would have needed to protect her interests. At all material times herein,
3  Stephen Brown knowingly and intentionally breached the fiduciary duties which he owed to her,
4  as alleged above. At all material times herein, Defendants Bryan Dawson and Dawson Law
5  Group, PC were aware of the existence of Malinda Barton and her potential claims as an heir of
6  Michal Barton and wrongful death beneficiary.

7                                              56.

8         At all material times herein, Defendants Bryan Dawson and Dawson Law Group, PC
9  were aware of the fiduciary duties owed by Stephen Brown, as personal representative, to
10  Malinda Barton. At all material times herein, Defendants Bryan Dawson and Dawson Law
11  Group, PC were aware that Stephen Brown was breaching his fiduciary duties owed to Malinda
12  Barton. At all material times herein, Defendants Bryan Dawson and Dawson Law Group, PC
13  colluded with and knowingly assisted Stephen Brown in committing the breaches of fiduciary
14  duties, as alleged above. This collusion with Stephen Brown and Dawson's assistance to him in
15  breaching his fiduciary duties constituted a fraud on Malinda Barton, as it was done, in part, to
16  protect Dawson's contingency fee agreement and Dawson's contractual interest to one-third
17  (33%) of the damages obtained through the settlement. Dawson's collusion and assistance was a
18  substantial factor in causing harm to Malinda Barton.

19                                              57.

20         After all just credits and offsets have been made, Plaintiff Malinda Barton has been
21  damaged by Bryan Dawson and the Dawson Law Group, PC in the sum of $1,493,757.
22  ///  ///  ///
23  ///  ///  ///
24  ///  ///  ///
25  ///  ///  ///
26  ///  ///  ///

Page  18 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1        WHEREFORE, Plaintiff Malinda Barton prays for judgment against Defendants Bryan

2    Dawson and Dawson Law Group, PC, jointly and severally, in the sum of $1,493,757, plus

3    interest at the statutory rate from November 24, 2020 until paid.

4

5        DATED this 13 day of October, 2022.

6

7

                  James R. Cartwright, OSB No. 750675

8                  Attorney for Plaintiff

9

10

11

12  **PLAINTIFF**

13  Malinda Barton
    25408 Edgewood Road

14  Weed, California 96094

15  **ATTORNEY FOR PLAINTIFF**
    James R. Cartwright, OSB No. 750675

16  Cartwright Law PC
    6500 S Macadam Ave, Suite 300

17  Portland, OR 97239

18  t:     503.226.0111
    f:     503.226.3022

19  e:    jcartwright@cart-law.com

20

21

22

23

24

25

26

Page 19 – COMPLAINT (Aiding and Enabling Commission of a Fraud)

1

2

3

4

5

6

7    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8    FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| 9   MALINDA BARTON, | Case No. 22CV35232 |
| 10                Plaintiff, | AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud) |
| 11        v. | Jury Trial Requested |
| 12   DAWSON LAW GROUP, PC, an Oregon Professional Corporation, and BRYAN | Filing Fee: |
| 13   DAWSON, individually, | NOT SUBJECT TO MANDATORY ARBITRATION (Damages in excess of |
| 14                Defendants. | $50,000) |

15

16

17        FOR HER AMENDED (CORRECTED) COMPLAINT against Defendants Bryan Dawson

18   and Dawson Law Group, PC ("Defendants"), Plaintiff Malinda Barton alleges, as follows:

19                    **(Aiding and Enabling Commission of a Fraud)**

20                                    1.

21   The Parties and Other Significant Persons

22        **Michael T. Barton**, decedent. Died February 6, 2018 while in the custody of the State of

23            Oregon at the Oregon State Penitentiary in Salem, Oregon.

24        **Stephen Brown**, brother of decedent.

25        **Terrill Tatum Barton**, sister of decedent.

26        **Malinda Barton**, biological daughter of decedent.

Page 1 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1      **Courtney Barton**, daughter of decedent. Died on September 9, 2004, predeceasing her

2            father Michael T. Barton and leaving no issue.

3      **Donna Lockard**, mother of Malinda Barton and Courtney Barton. Died November 1, 2010.

4      **Anthony Tatum**, nephew of decedent.

5      **Amanda Jean Barton**, niece of decedent.

6      **Bryan W. Dawson**, attorney for Stephen Brown, as personal representative of the Estate

7            of Michael T. Barton.

8      **Dawson Law Group, PC**, an Oregon domestic professional corporation.

9                        2.

10      Michael T. Barton died of influenza on February 6, 2018 while in the custody of the State

11 of Oregon at the Oregon State Penitentiary in Salem, Oregon. Following his death, several

12 witnesses contacted Disability Rights Oregon (DRO) seeking an investigation into the

13 circumstances of his death. The witnesses believed that Michael T. Barton's death was the result

14 of negligence on the part of the Oregon Department of Corrections and the medical personnel

15 employed by the healthcare system at the Oregon State Penitentiary. DRO subsequently

16 conducted an investigation into the circumstances of Michael. T. Barton's death.

17                        3.

18      In June 2019, DRO contacted "Mr. Barton's family" and informed them of the actual

19 circumstances of his death and the ongoing DRO investigation. Plaintiff Malinda Barton was not

20 among those persons contacted by DRO. Plaintiff Malinda Barton alleges on information and

21 belief that her uncle Stephen Brown was among the family members contacted by DRO.

22 Plaintiff Malinda Barton will move to amend this factual narrative after document and deposition

23 discovery has been completed.

24                        4.

25      On or before July 3, 2019, Stephen Brown contacted attorney Bryan Dawson of Dawson

26 Law Group, PC (herein "Dawson") about the possibility of filing a civil lawsuit against the

Page 2 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

Exhibit A, Page 23 of 48

1  Oregon Department of Corrections (ODOC) for their negligence in Michael Barton's death.

2  Stephen Brown informed Dawson of the investigation being conducted by the DRO. On July 3,

3  2019, Dawson asked Stephen Brown to "let me know if you get permission to show us [Dawson]

4  the report."

                                        5.

6      On July 22, 2019, DRO issued their full 28-page investigative report ("DRO report") that

7  concluded:

8      "Although DRO shares ODOC's opinion that Mr. Barton's death was attributable
       to a system failure, we do not agree with the idea that no fault should be attributed
9      to individual actors. Indeed, it is our belief that the conduct of the nurses who
       responded to Mr. Barton's cell during the last days of his life were surely
10     negligent, if not deliberately indifferent, to the harms that ended his life."

                                        6.

12     The release of the DRO report was reported in the Oregonian/Oregon Live on July 22,

13 2019. The title of the article was "Disability Rights OR says negligence by prison nurse, medical

14 staff caused inmate's death." Stephen Brown emailed a link to that article to Dawson on that

15 same day, July 22, 2019.

                                        7.

17     Disability Rights Oregon is well-known in the legal community as a non-profit advocacy

18 group with authority granted by the federal government to act as a watchdog for people with

19 disabilities.

                                        8.

21     Defendant Bryan Dawson was admitted to the Oregon State Bar in 1999. Dawson Law

22 Group, PC is an Oregon domestic professional corporation formed in 1981. At all material times

23 herein, Defendant Bryan Dawson was and is the president of Dawson Law Group, PC. At all

24 material times herein, Bryan Dawson was acting as the agent for and the benefit of Dawson Law

25 Group, PC.

26 /// /// ///

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

9.

Defendants Dawson Law Group, PC and Bryan Dawson (herein "Dawson") represent themselves to the community as "experienced Oregon personal injury attorneys [who] have helped injured victims for over five decades." Dawson advertises their experience and success in achieving excellent results in serious injury and wrongful death cases.

10.

The DRO report provided substantial support for a major wrongful death claim, both as to liability and damages.

11.

At all material times herein, Dawson knew that only the duly-appointed personal representative of the probate estate of a decedent would have standing to file a wrongful death complaint. As such, Dawson knew that he needed the personal representative of the estate to be his client in order to file the wrongful death complaint. On July 30, 2019, no probate estate had yet been opened for Michael T. Barton and Stephen Brown had not yet been appointed as his personal representative.

12.

On or about July 30, 2019, Dawson emailed Stephen Brown, stating:

"[i]f you want us to represent the estate, please return the signed fee agreement and we'll send the notice of claim letter(s) out."

13.

On or about August 2, 2019, Stephen Brown, purporting to be acting in his capacity as personal representative of the estate of Michael T. Barton, deceased – even though he had not yet been appointed as such -- signed a contingent fee agreement with Dawson Law Group, PC and returned a scan of that document to Dawson. This contingent fee agreement gave Dawson a contractual right to thirty-three percent (33%) of any damages received in settlement or through

/// /// ///

Page 4 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

1 | judgment. The value of this signed agreement to Dawson is demonstrated by the fact that

2 | $1,000,000 was eventually distributed to Dawson per its terms.

3 | 14.

4 | The transmittal email of August 2, 2019 from Stephen Brown to Dawson stated,

5 | "[a]s per our conversation on the phone, we agreed that the fees in this agreement
6 | would not be charged to me personally. Please let me know what you think about
the other isdue [issue] that we spoke about."

7 | Based upon information and belief, the "other issue" referenced in the email sent August

8 | 2, 2019 was the inconvenient fact that Malinda Barton was the biological child of Michael

9 | Barton, making her the only person who had a beneficial interest in her father's estate, the only

10 | person who had any *bona fide* interest in any legal proceedings, the preferred personal

11 | representative under ORS 113.085, and entitling her to notice of any probate proceedings under

12 | ORS 113.145/ORS 114.456. The last of these issues, namely that Plaintiff Malinda Barton was

13 | entitled to be notified of these proceedings, would be the topic of much discussion between

14 | Dawson and his client in coming months, as set forth below.

15 | 15.

16 | On August 6, 2019, Dawson replied to Stephen Brown's August 2, 2019 email, stating:

17 | "[a]bout the potential daughter [Malinda Barton] whether your brother [Michael
Barton] appeared on her birth certificate will be very important. What is her legal
18 | name, where has she lived at any time, where was she born? I will look more into
this issue in a few days when I finish with depositions."

19 |

20 | 16.

21 | Dawson knew that he had a problem. He had a signed contingency fee agreement for

22 | what he knew was likely to be a highly profitable and ground-breaking case against the State of

23 | Oregon and other parties. However, that contingent fee agreement had been signed by "Stephen

24 | Brown, [a]s Personal Representative of the Estate of Michael Thomas Barton." In order to keep

25 | this substantial case and the opportunity it would provide for Dawson to gain both the financial

26 | benefits and the reputation-enhancing benefits of winning this promising wrongful death case,

Page 5 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

Exhibit A, Page 26 of 48

1  Dawson needed to ensure that Stephen Brown -- and not any other party -- was appointed as

2  personal representative for the Estate of Michael Barton. The actions taken by Bryan Dawson,

3  the Dawson Law Group, PC, and Stephen Brown in the following months to ensure that Malinda

4  Brown was not made aware of either the filing of the petition to open the estate or the wrongful

5  death action included misrepresenting Dawson's knowledge and actions in their filings with the

6  Marion County Circuit Court and the conscious decision to take whatever steps they deemed

7  necessary to prevent Plaintiff Malinda Barton from learning of the probate, the lawsuit, the

8  settlement, and the distribution of the settlement proceeds. As alleged below, those actions

9  constituted a fraudulent failure to disclose material facts intended to deceive and defraud

10  Malinda Barton, and Defendant Dawson was complicit in that fraud. At all material times herein,

11  Dawson enabled and aided Stephen Brown to commit what Dawson and Stephen Brown knew to

12  be a fraud against Malinda Barton.

13                                            17.

14         ORS 113.035(5) requires that a petition for appointment of a personal representative include

15  the names, relationship to the decedent, and post-office addresses of persons who are or would be

16  the heirs of the decedent upon the intestate death of the decedent. ORS 113.035(6) requires that the

17  petition include a statement that reasonable efforts have been made to identify and locate all heirs of

18  the decedent. If the petitioner in a probate knows of any actual or possible omissions from the list of

19  heirs, the petition must include a statement indicating that there are omissions from the information

20  relating to heirs. These requirements are again specifically set forth in ORS 114.453(2)-(3) which

21  addresses probate estates opened for the sole purpose of pursuing a wrongful death claim. The sole

22  difference between the requirements of ORS 113.035 (5)-(6) and ORS 114.453(2)-(3) is that one

23  requires notice to heirs and the other to beneficiaries. However, Plaintiff Malinda Barton was and is

24  Michael Barton's sole surviving biological child, his only surviving intestate heir, and his only

25  wrongful death beneficiary, and she should have received notice in either circumstance.

26  /// /// ///

Page 6 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

1          18.

2      The Petition for Appointment of Personal Representative filed in the Marion County

3  Circuit Court as 19PB08559 on November 9, 2019 ("Petition") contained Stephen Brown's

4  sworn statement that, "Petitioner is aware of no person or persons who ascertain interest in the

5  estate other than those named herein." This statement is false. The Petition listed Stephen Brown

6  and Terrill Tatum Brown as the only heirs of the decedent. This statement is also false. At the

7  time that the Petition was filed, Bryan Dawson, Stephen Brown, and Terrill Barton Tatum were

8  <u>all</u> aware that this statement was untrue.

9          19.

10     On August 15, 2019, Stephen Brown had texted his sister Terrill Barton Tatum, and

11 stated:

12         "I talked with the lawyer [Bryan Dawson] again today and he said if she is his
           daughter, everything could go to her [Malinda] if we filed the lawsuit."
13

14         20.

15     On October 4, 2019, Dawson emailed Stephen Brown, stating:

16         "Stephen please take a stab at locating her through family connections, etc. What
           we may do is try to find her, and I may hire a private investigator, and then tell the
17         court that we did everything reasonable but couldn't make contact. If you do
           reach her, maybe propose a 50% split with you doing the labor to try to pursue the
18         claim."

19         Brown replied,

20         "I can find her, no need to hire a private investigator. The question is: can we
           have her do a blood test? Second question: is she listed as his daughter on the
21         birth cert.? if so, does that stand? Or, does she need blood proof? I don't believe
           she is his blood. Would her address or phone number be better for you? I'll ask
22         my sister to try to get the info. Wouldn't it be a 33% split with her, myself and
           my sister? If my sister signed off due to not wanting to have her Social Security
23         screwed up it would be a %50 split."

24         Dawson responded,

25         "100% goes to a child, so that's vital. I'll check my Lexis report to see if a
           father's listed. You may be able to get her birth certificate, I'll check."
26

Page 7 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

1        21.

2        However, Stephen Brown already knew where his niece Malinda Barton lived and how to

3  reach her. He had texted her almost two months prior. On August 15, 2019, Stephen Brown had

4  sent Malinda Barton the following message via Facebook Messenger,

5        "Hi Mindy. How are you? What's your address and birthday?"

6  'Mindy' was Malinda Barton's childhood nickname.

7        22.

8        The problem with locating Malinda Barton was not that Stephen Brown was unable to do

9  so; rather, the issue was that Brown had no intention of pursuing the wrongful death litigation if

10 the proceeds would go to Malinda Barton. The failure to provide her with notice of these

11 proceedings was deliberate.

12       23.

13       On July 25, 2019, Stephen Brown texted his sister Terrill Tatum Barton, saying:

14       "Honestly, if you [Terrill] tell him [her son Anthony] and he tells Melinda [sic],
         I'm not even interested in moving forward. I don't want to put myself through all
15       that shit just to benefit someone [Malinda] who hated Mike."

16       24.

17       On October 7, 2019, Stephen Brown emailed Dawson and told him that he had Malinda

18 Barton's phone number. Dawson replied,

19       "Good work.  Hold off on calling her until I figure out if we can get her birth
         certificate."
20

21       On October 21, 2019, Dawson emailed Stephen Brown, stating:

22       "I'm fine with just submitting the papers to have you appointed as the personal
         representative. This leaves some risk that Malinda could emerge later with a birth
23       certificate and take all of the money recovered. This appears to be unlikely
         because Michael isn't listed as her relative on the Lexis report."
24

25       Stephen Brown replied,

26       "I feel pretty confident moving forward."


Page 8 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

1                                25.

2       Dawson proceeded to file the Petition to open the estate and appoint Stephen Brown as

3 personal representative without first contacting Malinda Barton.

4                                26.

5       Under ORS 113.035(6), Dawson was <u>required</u> to notify the Court of Malinda Barton's

6 status as a potential heir in the petition to open the estate. However, rather than making a

7 statement that reasonable efforts had been made to identify and locate all heirs of the decedent

8 and a statement indicating that there were omissions from the information relating to heirs,

9 Dawson included the following carefully worded language,

10        "Petitioner is aware of no person or persons who ascertain interest in the estate
       other than those named herein."

11

12 It is unclear exactly what "ascertain interest in the estate" is supposed to have meant, but there

13 can be no question that Dawson was aware that there was another party with an interest or

14 potential interest in the estate, namely Malinda Barton. Dawson also specifically added the word

15 "*known*" when providing a list of the heirs in Section 5 of the Petition, "Information regarding

16 the *known* heirs of the decedent," apparently so that he could omit Malinda Barton, the potential,

17 rather than known, heir.

18                                27.

19       The Petition was filed on November 4, 2019, and on December 9, 2019, Stephen Brown

20 was appointed personal representative for the Estate of Michael T. Barton in Marion County

21 Case No. 19PB08559. Once Stephen Brown was appointed, he continued his efforts to exclude

22 Malinda Barton from the estate of her father and wrongful death proceedings.

23                                28.

24       ORS 113.145 requires that, "[u]pon appointment a personal representative shall deliver or

25 mail to the devisees, heirs and the persons described in ORS 113.035 (8) and (9) who were

26 required to be named in the petition for appointment of a personal representative…" ORS

Page 9 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

114.456, which specifically sets forth the requirements for administration of a wrongful death

estate, has the same requirement that "[a] personal representative appointed under ORS 114.453

shall deliver or mail to the beneficiaries at their last-known address information that must

include…" Upon his client's appointment as personal representative, Dawson and Stephen

Brown had both an <u>opportunity</u> to correct the (intentional) omission of Malinda Barton from the

list of heirs in the petition, and a statutory obligation to do so.

29.

Despite the mandatory requirements of ORS 113.145/ORS 114.456, no Notice was sent

to Plaintiff Malinda Barton at the time of Stephen Brown's appointment.

30.

On January 24, 2020, Dawson, as the attorney for Stephen Brown, Personal

Representative of the Estate of Michael Barton, filed Marion County Case No. 20CV04714. The

21-page Complaint for negligence, negligence *per se*, violations of civil rights, wrongful death,

disability discrimination, and spoliation sought compensatory and punitive damages of

$120,000,000.  The case was eventually removed to federal court.

31.

According to the Petition for Approval and Authority to Settle Wrongful Death Claim

and Supporting Declaration of Bryan Dawson filed in the estate proceeding on October 20,

2020, a second mediation on the federal wrongful death case resulted in a proposed settlement of

$3,000,000. The Petition included a breakdown of how the funds from the proposed settlement

would be distributed, including $1,899,757.39 to the "Intestate Heirs."  At all material times

through and including this date Plaintiff Malinda Barton had not been provided with any form of

notice of the probate, the lawsuit, the meditations, or the proposed settlement.  Further, she had

no actual notice of any of these proceedings.

/// /// ///

/// /// ///

Page 10 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

32.

On October 29, 2020, Dawson filed a "Statement Under ORS 116.083(4) in Lieu of Final Accounting and Petition for General Judgment of Final Distribution" (Verified Statement) seeking authorization to pay the Personal Representative and attorney fees and costs and distribute the assets of the Estate. Page 3 of the Verified Statement included the statement that, "[n]o Notice is required because the beneficiaries entitled to notice have waived the requirement that they be served with notice and have signed a Waiver of Notice and Consent. The Waiver and Consents are filed concurrently with this Verified Statement." This statement was false, and Dawson knew it was false when it was made.

33.

A document filed concurrently with the Verified Statement on October 29, 2020, titled "Waiver and Consent of Heirs," was signed only by Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown. Dawson had again failed to follow the statutory requirements regarding notice prior to attempting to close the estate. ORS 113.145(5) states:

> "If before the filing of the final account the personal representative has actual knowledge that the petition did not include the name and address of any person described in ORS 113.035 (4), (5), (7), (8) or (9), the personal representative shall:
>
>> (a) Make reasonable efforts under the circumstances to ascertain each of those names and addresses;
>> (b) Promptly deliver or mail information specified in subsection (1) of this section to each of those persons located after the filing of the petition and before the filing of the final account; and
>> (c) File in the estate proceeding, on or before filing the final account under ORS 116.083, proof of compliance with this subsection or a waiver of notice as provided under ORS 111.225."

ORS 114.456(4) requires the same notice to beneficiaries of wrongful death estates. Again, despite these statutory requirements, Plaintiff Malinda Barton was not given notice despite Dawson and Stephen Brown's knowledge of her status and whereabouts.

/// /// ///

/// /// ///

Page 11 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

1             34.

2    On October 20, 2020, the Marion County Probate Department issued a notice to Bryan

3 Dawson as the attorney for the Personal Representative in response to the submission of a

4 proposed order approving the wrongful death settlement. That notice stated that,

5     "PER JUDICIAL REVIEW 1) NO WRONGFUL DEATH ASSETS, ALL
      PROBATE REQUIREMENTS MUST BE MET BEFORE DISTRIBUTION. 2)
6     TO HAVE THE SETTLEMENT APPROVED, INFORMATION TO DHS AND
      NOTICE OF TIME TO OBJECT TO THE HEIRS (OF THE MOTION TO
7     APPROVE SETTLEMENT) W/PROOF OF SERVICE IS REQUIRED."

8             35.

9    On November 6, 2020, Dawson's office filed Waivers of Notice and Consent to Personal

10 Representative's Petition for Approval and Authority to Settle Wrongful Death Claim

11 signed by Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown. Also filed was an

12 Affidavit of Mailing the information required by ORS ORS 113.145/ORS 114.456 to the Oregon

13 Department of Human Services/Estate Administration Unit. However, once again, despite the

14 clear requirements of ORS 113.145/ORS 114.456 to provide notice to the heirs/wrongful death

15 beneficiaries of the decedent and the Personal Representative and Dawson's knowledge of

16 Malinda Barton's whereabouts, no notice was sent to Malinda Barton.

17            36.

18    On November 12, 2020, Bryan Dawson wrote a letter to the Marion County Probate

19 Judge asking the Court to expedite the approval of the settlement and distribution of the

20 settlement proceeds. In his letter, Dawson asked the Court to excuse his failure to follow the

21 probate requirements based on his lack of information about the decedent and his assets.

22 Dawson acknowledged that his client, the decedent's half-brother, had little contact in the years

23 prior to Michael Barton's death. Dawson's letter stated that,

24     "...my primary source for information about the decedent came from a Mental
      Status Evaluation dated March 9, 2017, which we received during discovery in
25     the wrongful death lawsuit. The report confirmed that Mr. Barton's only surviving
      heirs were his siblings. The report also showed that Mr. Barton had several mental
26     health disorders, a history of drug and alcohol abuse, and a long criminal record.

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1  The evaluation assessed whether Mr. Barton could be found culpable for an
2  alleged March 2, 2016 bank robbery…The report concluded that Mr. Barton felt
   remorse for his crime but otherwise lacked capacity."

3  Dawson then asked the Court to bifurcate the handling of the $6,000 in probate assets from

4  the $3,000,000 in wrongful death proceeds, as "Mr. Barton's heirs have significant need to

5  receive funds in the near future." Dawson stated that "[w]e intend to follow all of the other

6  requirements concerning the non wrongful death funds."

7                                    37.

8         Dawson's statements in his letter to the Probate Court were false. He was <u>not</u> relying

9  solely on the Mental Status Evaluation as he claimed, as he had information from his own client

10  that there was another heir – namely Malinda Barton, the decedent's daughter.

11                                    38.

12        On November 13, 2020, the Honorable Claudia Burton signed an Order approving the

13  wrongful death settlement of $3,000,000. Malinda Barton, the decedent's sole surviving intestate

14  heir and wrongful death beneficiary under Oregon statutes, had never been given an opportunity to

15  see the proposed settlement or review its terms. In fact, she had never even been provided notice

16  of the opening of her father's estate or the filing of the wrongful death action.

17                                    39.

18        Having obtained approval of the settlement, Dawson and Brown moved forward with

19  filing a Petition for Approval to Distribute Wrongful Death Damages on November 18, 2020.

20  Once again, the Petition contained an assertion that "[a]ll the heirs have waived their right to

21  notice and have consented to this petition and proposed order." This statement was false, and

22  Dawson and Stephen Brown knew it was false when made. Consents and waivers signed by

23  Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown were filed, but no notice had

24  given to Malinda Barton and she did not consent to the petition and proposed order.

25  ///   ///   ///

26  ///   ///   ///

Page 13 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

40.

The Probate Court issued a notice to Dawson on November 19, 2020, asking for

clarification regarding the amount of the proposed distribution to Dawson's client, Stephen

Brown. In response to that notice, Dawson filed a letter that included the following:

> "Thank you for the November 19, 2020 letter concerning the proposed ORDER TO DISTRIBUTE WRONGFUL DEATH DAMAGES. The paragraph C distribution to Stephen Brown does not include the personal representative fee. The three beneficiaries agreed to this arrangement based on Mr. Brown being the person who pursued this claim from the beginning.

> "Mr. Brown participated in the investigation by Disability Rights Oregon which brought to light the circumstances of Michael Barton's death. Mr. Brown then retained counsel, gave a very effective deposition, attended two mediations, and was active in the wrongful death lawsuit through several meetings and dozens of phone calls and emails with counsel. He not only fulfilled the office of personal representative, but was the key person who prevented Mr. Barton's death from passing into obscurity.

> "The other heirs agreed to the apportionment based on Mr. Brown's indispensable role."

41.

Dawson continued to disregard Malinda Barton's status as the decedent's biological

child, intestate heir, and wrongful death beneficiary. The "other heirs" that agreed to the

proposed distribution of wrongful death damages did not include Malinda Barton.

42.

The Court approved the distribution of $2,939,369.55 of the wrongful death settlement to

Dawson, Terrill Barton Tatum, Amanda Jean Barton, and Stephen Brown on November 24,

2020. Dawson had now accomplished his primary goals: he had settled the case against ODOC

and others, received his $1 million contingency fee plus his advanced costs, and distributed a

combined total of $1,893,757.39 to Stephen Brown Amanda Barton, and Terrill Barton Tatum.

His final task was to get his client discharged as personal representative and close the estate.

/// /// ///

/// /// ///

Page 14 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

Exhibit A, Page 35 of 48

1                                             43.

2      Even though the Probate Court was requiring proof that the required notices under ORS

3 113.145/ORS 114.456 had been sent, Dawson and his client continued to try to keep Malinda

4 Barton from learning about the probate estate and the settlement. The Affidavit of Mailing filed

5 on January 8, 2021, only listed mailings to Terrill Barton Tatum, Amanda Jean Barton, and

6 Stephen Brown. Nothing was mailed to Malinda Barton.

7                                             44.

8      Dawson's office also finally published the required Notice to Interested Persons on

9 January 12, 19, and 26, 2021.

10                                           45.

11      On or about May 11, 2021, Malinda Barton found an article published in the Salem

12 Statesman Journal on January 29, 2020 detailing the wrongful death lawsuit. She contacted her

13 aunt, Terrill Tatum Barton, via Facebook Messenger to confirm that she, Michael Barton's sole

14 heir, had been intentionally left out of the lawsuit and denied her share of the settlement

15 proceeds. Stephen Brown and Terrill Barton Brown responded by blocking her from

16 communicating with them. Stephen Brown then deleted his Facebook account. Text messages

17 between Terrill Tatum Barton and Stephen Brown demonstrate their escalating concern that they

18 were about to be found out.

19                                           46.

20      Malinda Barton also contacted Bryan Dawson's office by email on May 11, 2021

21 identifying herself as Michael Barton's daughter. Her email stated that she was in frequent

22 contact with both her aunt Terrill Barton Tatum and her uncle Stephen Brown, and that they had

23 always known how to contact her. Malinda Barton, believing that her uncle and aunt had never

24 told Dawson of her existence, asked Dawson for his help. Dawson replied via email on May 12,

25 2021 that he was out of the office on vacation but would respond to her when he returned to the

26 office on Wednesday (presumably May 19, 2021).

Page 15 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1                         47.

2       On May 21, 2021, Dawson sent Malinda a letter via email asking her to provide her birth

3 certificate. Malinda replied that day acknowledging that she had received the letter.

4                         48.

5       The next known action by Dawson and his client was not to provide Malinda Barton with

6 more information and/or send her the notices she was entitled to receive as Michael Barton's

7 child, heir, and wrongful death beneficiary. Instead, on or about June 4, 2021, Dawson submitted

8 a proposed Order approving the Verified Statement he had filed on October 29, 2020. However,

9 the Probate Court issued yet another notice informing Dawson that the proposed order could not

10 be signed because he had not filed a satisfaction or disallowance of a claim filed by General

11 Credit Service, Inc.

12                         49.

13       Dawson and his client proceeded to try to close the estate before Malinda Barton could

14 take any effective action. Dawson reached out to another attorney well-known in the local

15 community for handling estate administration to get assistance in closing the estate proceeding.

16 The attorney officially substituted in for Dawson on June 8, 2021.

17                         50.

18       On July 15, 2021, the new attorney sent Malinda Barton a custom-crafted "Notice of

19 Time to Object" that combined elements of the statutorily required information to heirs and a

20 notice of time to object to a final accounting. That notice read, in part:

21         "Be aware that if you present proof to the probate court sufficient that it
         determines you are an heir of decedent you will have rights that will be affected

22         by this proceeding.

23         Any such effort will be barred unless you file appropriate pleadings in the probate
        matter within 23 days of the date of mailing of this notice."

24

25 /// /// ///

26 /// /// ///

Page 16 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

1    51.

2        While 23 days is the required objection period for a final estate accounting, it is certainly

3    not the period of time intended to be provided for an heir or beneficiary to assert an interest in an

4    estate. Based upon information and belief it appears probable that Dawson and Stephen Brown

5    were hoping that, by providing this artificially short time for Malinda Barton to object, that she

6    would be unable to retain counsel to assist her in filing the necessary objections.

7    52.

8        Texts between Terrill Tatum Barton and Stephen Brown on or about July 15, 2021

9    discuss the need to wait three weeks "to get to the finish line" when there would be "no more

10   stress." Stephen Brown cautioned his sister Terrill not to spend any money for the next two

11   weeks "because if you are patient, things could possibly be fine or fucked. Just chill in your

12   garden or go to the lake for 2 weeks." Stephen went on to say that, "I have been told I can't buy a

13   home till [sic] it's over. I am the one who is doing all the work still. All you have to do is fucking

14   chill."

15   53.

16       On August 3, 2021, Malinda Barton, by and through counsel, filed a Notice of

17   Appearance and Objection. Included as Exhibit A to that Notice was a copy of Malinda Barton's

18   birth certificate listing Michael Barton as her father.

19   54.

20       Malinda Barton eventually settled her claims against Stephen Brown and Terrill Tatum

21   Barton via a settlement agreement signed on October 28, 2021. That settlement was based on

22   factors other than the merits of Malinda Barton's claims. She did not, however, settle or release

23   her claims against Bryan Dawson and the Dawson Law Group, PC.

24   55.

25       At all material times herein, Stephen Brown as personal representative of the estate of

26   Michael T. Barton, deceased, owed fiduciary duties to Malinda Barton. Those fiduciary duties

Page 17 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)
CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR 97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

Exhibit A, Page 38 of 48

1 | included the providing of the notices required by the probate statues, and to provide her with the
2 | material facts that she would have needed to protect her interests. At all material times herein,
3 | Stephen Brown knowingly and intentionally breached the fiduciary duties which he owed to her,
4 | as alleged above. At all material times herein, Defendants Bryan Dawson and Dawson Law
5 | Group, PC were aware of the existence of Malinda Barton and her potential claims as an heir of
6 | Michal Barton and wrongful death beneficiary.

7 | 56.

8 | At all material times herein, Defendants Bryan Dawson and Dawson Law Group, PC
9 | were aware of the fiduciary duties owed by Stephen Brown, as personal representative, to
10 | Malinda Barton. At all material times herein, Defendants Bryan Dawson and Dawson Law
11 | Group, PC were aware that Stephen Brown was breaching his fiduciary duties owed to Malinda
12 | Barton. At all material times herein, Defendants Bryan Dawson and Dawson Law Group, PC
13 | colluded with and knowingly assisted Stephen Brown in committing the breaches of fiduciary
14 | duties, as alleged above. This collusion with Stephen Brown and Dawson's assistance to him in
15 | breaching his fiduciary duties constituted a fraud on Malinda Barton, as it was done, in part, to
16 | protect Dawson's contingency fee agreement and Dawson's contractual interest to one-third
17 | (33%) of the damages obtained through the settlement. Dawson's collusion and assistance was a
18 | substantial factor in causing harm to Malinda Barton.

19 | 57.

20 | After all just credits and offsets have been made, Plaintiff Malinda Barton has been
21 | damaged by Bryan Dawson and the Dawson Law Group, PC in the sum of $1,493,757.

22 | ///   ///   ///
23 | ///   ///   ///
24 | ///   ///   ///
25 | ///   ///   ///
26 | ///   ///   ///

Page 18 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)
CARTWRIGHT LAW PC
6500 S MACADAM AVE, SUITE 300
PORTLAND, OR  97239
TELEPHONE (503) 226-0111, FACSIMILE (503) 226-3022

Exhibit A, Page 39 of 48

1      WHEREFORE, Plaintiff Malinda Barton prays for judgment against Defendants Bryan

2  Dawson and Dawson Law Group, PC, jointly and severally, in the sum of $1,493,757, plus

3  interest at the statutory rate from November 24, 2020 until paid.

4

5      DATED this 25ᵗʰ day of October, 2022.

6

7                                    _____
                                      James R. Cartwright, OSB No. 750675
8                                     Attorney for Plaintiff

9

10

11

12  **PLAINTIFF**
    Malinda Barton
13  25408 Edgewood Road
    Weed, California 96094
14

15  **ATTORNEY FOR PLAINTIFF**
    James R. Cartwright, OSB No. 750675
16  Cartwright Law PC
    6500 S Macadam Ave, Suite 300
17  Portland, OR 97239
    t:     503.226.0111
18  f:     503.226.3022
    e:     jcartwright@cart-law.com
19

20

21

22

23

24

25

26

Page 19 – AMENDED (CORRECTED) COMPLAINT (Aiding and Enabling Commission of a Fraud)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS


MALINDA BARTON,

        Plaintiff,

    vs                             Case No. 22CV35232

**DAWSON LAW GROUP, PC,** an Oregon
Professional Corporation, and **BRYAN**

        Defendant.                **PROOF OF SERVICE**

---

State of Oregon        )

County of Clackamas    )


I, Debbie White, hereby certify that I am a competent and over the age of 18 years, a resident of .
The State of Oregon and not a party to, employee of, nor an attorney in *the* above-entitled cause
and that I served a true copy of: *Summons; Complaint; & Plaintiff's First Request for Production of
Documents*

Service Made Upon:   **Dawson Law Group PC,** by leaving such true copy with: Heather Runyon,
Legal Assistant and Person Authorized for Karen B. Dawson, President/Registered Agent; at:
5695 Hood Street, West Linn, Oregon on October 19, 2022 at 11:09 AM.


I hereby certify that the person served by me is the identical person served by me is the idenical
person named in the action .

Dated: October 19 2022

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR 97292

(503) 880-2475

Page-2-/Proof of Service/Dawson Law Group PC (Malinda Barton vs Dawson Law Group PC, et al)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

MALINDA BARTON,

        Plaintiff,

   vs                       Case No. 22CV35232

DAWSON LAW GROUP, PC, an Oregon
Professional Corporation, and BRYAN

      Defendant.              PROOF OF SERVICE

---

State of Oregon        )

County of Clackamas    )


I, Debbie White, hereby certify that I am a competent and over the age of 18 years, a resident of .

The State of Oregon and not a party to, employee of, nor an attorney in *the* above-entitled cause

and that I served a true copy of: *Summons; Complaint; & Plaintiff's First Request for Production of*

*Documents*


Service Made Upon:   **Bryan Dawson,** by leaving such true copy with: Heather Runyon,

Legal Assistant and Person Authorized to accept where he maintains an office for the conduct of

Business; at: 5695 Hood Street, West Linn, Oregon on October 19, 2022 at 11:09 AM.

\


I hereby certify that the person served by me is the identical person served by me is the idenical

person named in the action .

Dated:   October 19 2022

_(signature)_

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR  97292

(503) 880-2475

Page-2-/Proof of  Service/Bruce Dawson (Malinda Barton vs Dawson Law Group PC, et al)

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

**MALINDA BURTON,**

**Case No. 22CV35232**

Plaintiff,

vs

**PROOF OF SERVICE**

**DAWSON LAW GROUP, PC** an Oregon
Professional Corporation, and **BRYAN
DAWSON,** individually,

State of Oregon )

County of Clackamas )

I, Debbie White, hereby certify that I am a competent and over the age of 18 years, a resident of .
The State of Oregon and not a party to, employee of, nor an attorney in *the* above-entitled cause
and that I served a true copy of: *Summons; Amended (Corrected) Complaint; & Plaintiff's First
Amended (Corrected) Request for Production of Documents to Defendant Bryan Dawson*

Service Made Upon: **Bryan Dawson,** by leaving such true copy with: Michelle Tafoya, Legal
Assistant and Person Authorized to Accept on his behalf and where he maintains an office for the
conduct of business at: 5695 Hood Avenue, West Linn, Oregon on November 4, 2022 at 11:45 AM.

I hereby certify that the person served by me is the identical person served by me is the idenical person named in the action .

Dated:  November 4, 2022

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR  97292

(503) 880-2475

Page-2-/Proof of Service/Bryan Dawson  (Malinda Barton)

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

### FOR THE COUNTY OF MULTNOMAH

**MALINDA BURTON,**

              **Case No. 22CV35232**

    Plaintiff,

vs

              **PROOF OF SERVICE**

**DAWSON LAW GROUP, PC** an Oregon
Professional Corporation, and **BRYAN
DAWSON,** individually,

_____

State of Oregon    )

County of Clackamas  )

I, Debbie White, hereby certify that I am a competent and over the age of 18 years, a resident of .
The State of Oregon and not a party to, employee of, nor an attorney in *the* above-entitled cause
and that I served a true copy of: *Summons; Amended (Corrected) Complaint; & Plaintiff's First
Amended (Corrected) Request for Production of Documents to Defendant Dawson Law Group, PC*

Service Made Upon: **Dawson Law Group, PC** by leaving such true copy with: Michelle Tafoya, Legal
Assistant and Person Authorized to Accept on behalf of Karen B. Dawson, President/Registered Agent;
at: 5695 Hood Avenue, West Linn, Oregon on November 4, 2022 at 11:45 AM.

I hereby certify that the person served by me is the identical person served by me is the idenical person named in the action .

Dated:  November 4, 2022

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR  97292

(503) 880-2475

Page-2-/Proof of Dawson Law Group, PC  (Malinda Barton)

1

2

3

4

5

6                     IN THE CIRCUIT COURT OF THE STATE OF OREGON

7                             FOR THE COUNTY OF MULTNOMAH

8   MALINDA BARTON,                          )   Case No. 22CV35232
                                             )
9                        Plaintiff,          )   **DEFENDANTS DAWSON LAW**
                                             )   **GROUP, PC AND BRYAN**
10          v.                               )   **DAWSON'S NOTICE TO STATE**
                                             )   **COURT OF REMOVAL OF**
11  DAWSON LAW GROUP, PC, an Oregon          )   **ACTION UNDER 28 U.S.C. §§ 1332,**
    Professional Corporation, and BRYAN      )   **1441, AND 1446 (DIVERSITY OF**
12  DAWSON, individually,                    )   **CITIZENSHIP)**
                                             )
13                       Defendants.         )   Prayer:  In Excess of $50,000.00
                                             )
14                                           )   Fee Authority:  ORS 21.160(1)(d)
                                             )
15  _____)   **NOT SUBJECT TO MANDATORY**
                                             )   **ARBITRATION**
16

17  **TO:    CLERK OF THE ABOVE-ENTITLED COURT**

18          Pursuant to 28 U.S.C. § 1446(d), Defendants Dawson Law Group, PC and Bryan Dawson

19  (collectively, "Dawson") hereby provides notice to this Court that on this day, November 11,

20  2022, it removed this matter to the United States District Court for the District of Oregon,

21  Portland Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (diversity of citizenship).

22  ///

23  ///

24  ///

25  ///
Page 1   **DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN**              DAVIS ROTHWELL
         **DAWSON'S NOTICE TO STATE COURT OF REMOVAL OF**           EARLE & XÓCHIHUA, P.C.
         **ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**         200 SW MARKET ST, SUITE 1800
         **(DIVERSITY OF CITIZENSHIP)**                             PORTLAND, OREGON  97201
                                                                    T (503) 222-4422   F (503) 222-4428

1        A file-stamped copy of the Notice of Removal is marked as Exhibit 1 (excluding Exhibit

2    A, which is a copy of the state court file, and Exhibit B, which is a copy of this Notice) is

3    attached hereto.

4        DATED this 11th day of November, 2022.

5                     DAVIS ROTHWELL
                         EARLE & XÓCHIHUA, P.C.

6

7                     *Nicholas Beyer*
                     Christopher J. Drotzmann, OSB No. 962636

8                     cdrotzmann@davisrothwell.com
                     Nicholas V. Beyer, OSB No. 193304

9                     nbeyer@davisrothwell.com
                     Of Attorneys for Defendants

10

11                    Trial Attorney:  Christopher J. Drotzmann
                                 OSB No. 962636

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 2  **DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE TO STATE COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

Exhibit B, Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANTS DAWSON LAW GROUP, PC AND BRYAN DAWSON'S NOTICE TO STATE COURT OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)** on the following attorney(s) of record:

> Mr. James R. Cartwright, OSB No. 750675
> Cartwright Law PC
> 6500 S Macadam Avenue, Suite 300
> Portland, OR 97239
> Telephone: 503/226-0111
> Facsimile: 503/226-3022
> Email: jcartwright@cart-law.com
> *Of Attorneys for Plaintiff*

by mailing to the foregoing a true copy thereof, placed in a sealed envelope, with postage prepaid, addressed as listed above, and depositing the same in the United States mail through a post office at Portland, Oregon, on this day*, and by e-filing and service through the Oregon e-court file and serve system if registered as a service contact*.

DATED this 11th day of November, 2022.

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.

_____
Christopher J. Drotzmann, OSB No. 962636
cdrotzmann@davisrothwell.com
Nicholas V. Beyer, OSB No. 193304
nbeyer@davisrothwell.com
Of Attorneys for Defendants

Page 1    **CERTIFICATE OF SERVICE**
\\Janus\abbott\33\BARTON\PLD\REMOVAL\Notice to State Court.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422   F (503) 222-4428

Exhibit B, Page 3 of 3



HOME | Business Xpress | business name search | oregon business guide
license directory | business registry/renewal | forms/fees | notary public
uniform commercial code | uniform commercial code search | documents & data services

**Business Name Search**

[New Search]   [Printer Friendly]   **Business Entity Data**   **11-11-2022 11:17**

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 154687-13 | DPC | ACT | OREGON | 07-29-1981 | 07-29-2023 | |
| Entity Name | DAWSON LAW GROUP, P.C. | | | | | |
| Foreign Name | | | | | | |

[New Search]   [Printer Friendly]   **Associated Names**

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 5695 HOOD ST | | | |
| Addr 2 | | | | |
| CSZ | WEST LINN | OR | 97068 | Country UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 06-19-2019 | Resign Date | |
|---|---|---|---|---|---|---|
| Of Record | 473524-97 | LAW OFFICE OF KAREN B. DAWSON, P.C. | | | | |
| Addr 1 | 5695 HOOD ST | | | | | |
| Addr 2 | | | | | | |
| CSZ | WEST LINN | OR | 97068 | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 5695 HOOD ST | | | |
| Addr 2 | | | | |
| CSZ | WEST LINN | OR | 97068 | Country UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date | |
|---|---|---|---|---|---|
| Name | BRYAN | DAWSON | | | |
| Addr 1 | 5695 HOOD ST | | | | |
| Addr 2 | | | | | |
| CSZ | WEST LINN | OR | 97068 | Country UNITED STATES OF AMERICA | |

| Type | SEC | SECRETARY | | Resign Date | |
|---|---|---|---|---|---|
| Name | KAREN | DAWSON | | | |
| Addr 1 | 5695 HOOD ST | | | | |

Exhibit C, Page 1 of 3

| Addr 2 | | | | | | |
|--------|--|--|--|--|--|--|
| CSZ | WEST LINN | OR | 97068 | | Country | UNITED STATES OF AMERICA |

New Search      Printer Friendly

# Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|----------------------|-----------|-------------|------------|----------|
| DAWSON LAW GROUP, P.C. | EN | CUR | 01-14-2013 | |
| DAWSON & DAWSON P.C. ATTORNEYS AT LAW | EN | PRE | 03-25-1999 | 01-14-2013 |
| LARRY DAWSON, P.C. | EN | PRE | 07-29-1981 | 03-25-1999 |

Please read before ordering Copies.

New Search      Printer Friendly

# Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|-----------------|--------|------------------|----------------|--------|-------------------|--------------|
| 📄 | AMENDED ANNUAL REPORT | 07-14-2022 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 07-05-2021 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-17-2020 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-19-2019 | | FI | Agent | |
| 📄 | AMENDED ANNUAL REPORT | 07-13-2018 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-12-2017 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-16-2016 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-22-2015 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-26-2014 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 06-22-2013 | | FI | | |
| 📄 | ARTICLES OF AMENDMENT | 01-14-2013 | | FI | Name | |
| 📄 | AMENDED ANNUAL REPORT | 06-18-2012 | | FI | | |
| 📄 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 05-21-2012 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 07-26-2011 | | FI | Agent | |
| | ANNUAL REPORT PAYMENT | 08-02-2010 | 07-30-2010 | SYS | | |
| | ANNUAL REPORT PAYMENT | 07-06-2009 | | SYS | | |
| | ANNUAL REPORT | 07-11-2008 | | SYS | | |

Exhibit C, Page 2 of 3

| | PAYMENT | | | | | |
|---|---|---|---|---|---|---|
| | ANNUAL REPORT PAYMENT | 06-19-2007 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 07-17-2006 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 06-23-2005 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 07-28-2004 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 07-18-2003 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 07-26-2002 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 06-15-2001 | | SYS | | |
| | CHANGED RENEWAL | 08-16-2000 | | FI | | |
| | STRAIGHT RENEWAL | 08-11-2000 | | FI | | |
| | STRAIGHT RENEWAL | 06-17-1999 | | FI | | |
| | ENTITY NAME CHANGE | 03-25-1999 | | FI | | |
| | STRAIGHT RENEWAL | 07-13-1998 | | FI | | |
| | AMENDED RENEWAL | 09-05-1997 | | FI | | |
| | STRAIGHT RENEWAL | 06-18-1996 | | FI | | |
| | AMENDED RENEWAL | 08-02-1995 | | FI | | |
| | STRAIGHT RENEWAL | 06-22-1994 | | FI | | |
| | STRAIGHT RENEWAL | 07-08-1993 | | FI | | |
| | AMENDED RENEWAL | 06-19-1992 | | FI | | |
| | STRAIGHT RENEWAL | 06-26-1991 | | FI | | |
| | AMENDED RENEWAL | 07-03-1990 | | FI | | |
| | AMENDED RENEWAL | 06-19-1989 | | FI | | |
| | AMENDED RENEWAL | 06-23-1988 | | FI | | |
| | STRAIGHT RENEWAL | 06-18-1987 | | FI | | |
| | STRAIGHT RENEWAL | 07-07-1986 | | FI | | |
| | STRAIGHT RENEWAL | 05-30-1985 | | FI | | |

About Us | Announcements | Laws & Rules | Feedback Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site, please contact : corporation.division@sos.oregon.gov

© 2022  Oregon Secretary of State.  All Rights Reserved.

Exhibit C, Page 3 of 3